# EXHIBIT A

CT Corporation

# Service of Process Transmittal

04/18/2019
CT Log Number 535324913

**TO:** Jill M Calafiore, Rm 3A119A
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

**RE: Process Served in California**

**FOR:** DIRECTV, LLC (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Mark Aussieker, Pltf. vs. Bridgevine Inc, et al., Dfts. // To: Directv LLC

**DOCUMENT(S) SERVED:** Summons, Complaint

**COURT/AGENCY:** Sacramento County - Superior Court - Sacramento, CA
Case # 34201900254060

**NATURE OF ACTION:** Violation of the Telephone Consumer Protection Act

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:** By Process Server on 04/18/2019 at 15:39

**JURISDICTION SERVED :** California

**APPEARANCE OR ANSWER DUE:** Within 30 days after service

**ATTORNEY(S) / SENDER(S):** Mark Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
916-705-8006

**ACTION ITEMS:** CT has retained the current log, Retain Date: 04/19/2019, Expected Purge Date: 04/29/2019

Image SOP

Email Notification, Jill M Calafiore jcalafiore@att.com

**SIGNED:** C T Corporation System
**ADDRESS:** 818 West Seventh Street
Los Angeles, CA 90017
**TELEPHONE:** 213-337-4615



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

APR 1 8 2019

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED/ENDORSED
APR - 3 2019
By: P. Russell
Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
BRIDGEVINE INC, and DIRECTV LLC and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Mark Aussieker

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
Sacramento County Superior Court
720 9th St, Sacramento, CA 95814

CASE NUMBER: *(Número del Caso):* 34-2019-00254060

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark Aussieker 8830 Olive Ranch Lane Fair Oaks, CA 95628

DATE: *(Fecha)* APR - 3 2019 Clerk, by *(Secretario)* P. RUSSELL, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [XX] on behalf of *(specify)*: DIRECTTV, LLC
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [xx] other *(specify)*: Corporations Code: 17061
4. [X] by personal delivery on *(date)*: APR 1 8 2019



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Mark Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

*in pro per*

FILED/ENDORSED
APR - 3 2019
By: P. Russell
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

Mark Aussieker,

Plaintiff,

v.

BRIDGEVINE INC, and DIRECTV LLC AND Does 1-10

Defendant(s)

No. 34-2019-00254060

**COMPLAINT FOR DAMAGES**
Trial by Jury not requested

Plaintiff MARK AUSSIEKER ("Plaintiff"), on behalf of himself alleges as follows:

1. Plaintiff Mark Aussieker ("Plaintiff" or "Mr. Aussieker") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act "TCPA", 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Upon information and belief, Defendants have jointly and severally placed telemarketing calls to a telephone number Mr. Aussieker had registered on the national Do Not Call Registry without Mr. Aussiekers consent. As a result, Defendants are liable for those calls.

## PARTIES

3. Plaintiff Mark Aussieker is an individual and resident of the state of California.

4. Defendant BRIDGEVINE, INC is a Deleware Corporation that registered with secretary of state of California to conduct business in California. BRIDGEVINE, INC is a "person" as defined by 47 US.C. § 153 (39). Will be reffered to as "BRIDGEVINE"

5. Defendant DIRECTV, LLC is a California LLC is a California Corporation that registered with secretary of state of California to conduct business in California. DIRECTV, LLC is a "person" as defined by 47 US.C. § 153 (39). Will be reffered to as "DEFENDANT DIRECTV"

6. Does 1-10 defendants are sued herein pursuant to the provisions of Section 474.

## Jurisdiction & Venue

7. The Court has subject matter jurisdiction over these claims pursuant to the California Constitution.

8. Venue is proper pursuant to CCP § 395because the Plaintiff is a resident of this county, which is where he received the illegal telemarketing calls that are the subject of this lawsuit. Defendant injured plaintiffs in this county. Direc

9. Venue is proper pursuant to CCP § 395because a substantial part of the events or omissions giving rise to the claims occurred within this county.

10. This Court has personal jurisdiction over the parties because Defendants systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out of his contact with Defendants from California.

**TCPA Background**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**THE TCPA PROHIBITS TELEMARKETING CALLS TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY, UNLESS THE CALLER HAS THE RECIPIENT'S SIGNED, WRITTEN CONSENT.**

12. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

14. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

15. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from thecaller.

47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

## Factual Allegations

16. Plaintiffs phone number ending in 8006 was added to the Do Not Call list in February 2003.

17. Plaintiff has maintained the same cell phone ending in 8006 continuously since 2002.

18. BRIDGEVINE placed calls to plaintiff for telemarketing purposes.

19. Plaintiff received telemarketing calls from BRIDGEVINE.

20. Plaintiff recalls hearing silence upon answering and a then a representative coming on to the conversation, indicative of the use of an auto dialer.

21. BRIDGEVINE asked if plaintiff would like to save money on his cable bill.

22. Plaintiff does not have a monthly cable bill.

23. The reason for BRIDGEVINE to call plaintiff was to promote the satellite broadcast services of defendant DIRECTV.

24. Mr. Aussieker never consented to receive these calls.

25. Mr. Aussieker has a concrete injury being the receipt of such phone calls that Congress intended to remedy through passage of the TCPA.

26. Mr. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity for answering the call, decreased battery life, could not listen to music while on the phone, the nuisance of receiving a telephone call and having to wait for the other party to pick up the phone, defendants bothering him with unrequested solicitations.

27. On 03/13/2019 at 10:10 am, BRIDGEVINE or its authorized agent placed a telephone call (the "first Call') to Plaintiffs cellular telephone number (916-705-8006) for the commercial purpose of selling satellite tv services. During and/or in regard to the first Call, Defendant knowingly and/or willfully:

- Called Plaintiffs cellular telephone without Plaintiff's prior express consent or approval
- used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.
- Defendant Failed to check Plaintiffs name and telephone number(s) on its Do-Not-Call List
- Plaintiff disconnected the call.




28. On 03/13/2019 at 10:12 am, BRIDGEVINE or its authorized agent placed a second telephone call (the "second Call') to Plaintiffs cellular telephone number (916-705-8006) for the commercial purpose of selling satellite tv services. During and/or in regard to the second Call, Defendant knowingly and/or willfully:

- o Called Plaintiffs cellular telephone without Plaintiff's prior express consent or approval
- o Defendant Failed to check Plaintiffs name and telephone number(s) on the Do-Not-Call List

- o Called plaintiff to further its own commercial interests.




29. As part of the process, Plaintiff feigned interest in Defendants unsolicited sales pitch. After the sign up was complete, Plaintiff received an account numbers and telephone number for DIRECTV and their parent company AT&T

30. Plaintiff was required to pay a non-fundable fee of $199 to DIRECTV, prior to being presented any terms or conditions in writing,

31. BRIDGEVINE represented the fee was non-refundable.

32. PLAINTIFF's credit card was charged $199 by DIRECTV

| 03/15/2019 | DTV*DIRECTV HARDWARE 800-347-3288 CA | | $199.00 | $211.98 |
|---|---|---|---|---|
| | Transaction date: | 03/14/2019 | | |
| | Card type: | Visa | | |
| | Transaction type: | Purchases | | |
| | Merchant description: | CABLE AND OTHER PAY TELEVISION SERVICES | | |
| | Merchant information: | 800-347-3288 , CA | | |
| | Reference number: | 9432 | | |
| | Merchant Name: | DIRECTV Edit | | |
| | Transaction Category: | Home & Utilities: Cable/Satellite Services Edit | | |
| | Online Transaction: | Y | | |
| | Dispute this transaction | | | |
| | Add this deal Click here to earn $40 cash back when you add DIRECTV! | | | |

33. Plaintiff was assigned account number 293095733 from Directv

34. Plaintiff called AT&T and demanded to know the vendor who generated account number 293095733 which was assigned to plaintiff.

35. AT&T said the vendor that assigned plaintiff an account number was Bridgevine, Inc and had the number 888-777-2454.

36. 888-777-2454 is answered by DIRECTV.

37. DIRECTV did not supply Plaintiff a way to cancel the order or how to obtain a refund. Plaintiff wanted to opt out, but had to agree to the terms of service in order to log in the online account.

CAUSES OF ACTION

**COUNT 1**

**(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)**

37. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

38. Defendant's own conduct and/or by the fact that others made those calls on its behalf, ignoring the Do-Not-Call List, as demonstrated by Defendant's Call to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore,

Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

39. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Furthermore, Defendant's conduct, in placing the Call to Plaintiff's cell phone, spoofing the caller id, giving false name of the party calling, not disclosing the true name, telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

**COUNT 2**

**(2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)**

40. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

41. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to maintain a record of Plaintiffs previous demand that the Plaintiffs name and telephone number go on its Do-Not-Call List, as demonstrated by Defendant's Call to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

42. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Furthermore,

Defendant's conduct, in placing the Call to Plaintiff's cell phone, spoofing the caller id, giving false name of the party calling , not disclosing the true name, telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

**COUNT 3**

**(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii)** – Auto Dialer

43. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

44. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227**(b)(1)(A)(iii)** and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT 4**

**(FTC violation and B&P 17511.5(e) and CA civil code1670.6,**– cooling off period

46. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs. DIRECTV failed to give plaintiff a way to cancel his order or obtain a refund. BRIDGEVINE failed to comply with CA civil code 1670.6, which would make the charge void. Plaintiff could never enter into any transaction without being told all of the material facts upfront before agreeing.

## COUNT 4

**Ratification**

47. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs. DIRECTV ratified the actions of BRIDGEVINE by contacting plaintiff to schedule an installation.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against BRIDGEVINE INC, INC, for the following:

1. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future.

2. For an order finding in favor of Plaintiff, on all counts asserted herein;

3. For an order awarding statutory damages to plaintiff in the sum certain amount of $4,500, as detailed in counts 1-3.

4. Any other relief the court deems proper.

5.

6. WHEREFORE, Plaintiff requests judgment against DIRECTV INC, for the following:

1. A refund of $199 to Plaintiff.

Respectfully Submitted this 27th Day of March, 2019.

Date of signing: 3-21, 2019.

Signature of Plaintiff

Printed Name of Plaintiff Mark Mussielen